UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

                    Plaintiff,

v.

FOREMOST SHOCKWAVE
SOLUTIONS; LEE MATHIS,

                    Defendants.

Case No.:  15cr2822-CAB

**ORDER REQUESTING
APPOINTMENT OF PRO BONO
COUNSEL FOR DEFENDANT
FOREMOST SHOCKWAVE
SOLUTIONS**

     The Court finds it necessary at this time to request appointment of counsel for defendant Foremost Shockware Solutions ("Foremost"), and due to this corporate defendant's financial inability to compensate counsel, the request will be for appointment of *pro bono* representation.

     On November 6, 2015, a federal grand jury returned an indictment that alleges defendant Foremost and others engaged in a $22 million kickback and bribery scheme through which co-conspirators paid bribes and kickbacks to physicians to refer California Workers' Compensation patients to Foremost. [Doc No. 1.]  The 9-count indictment charges Foremost and others with conspiracy in violation of 18 U.S.C. § 371, honest services mail fraud in violation of 18 U.S.C. §§ 1341 and 1346, violation of the Travel Act (18 U.S.C. § 1952), aiding and abetting and criminal forfeiture.

1

Foremost was arraigned on November 12, 2015, and attorney Diane Bass appeared on the corporation's behalf as retained counsel. [Doc. No. 16.] Ms. Bass was also retained to represent co-defendant Lee Mathis, the only other remaining defendant in this matter.

Ms. Bass represented Foremost until August 3, 2017, when due to concerns of a conflict of interest with her ongoing representation of Mr. Mathis, she moved to withdraw from the corporation's representation. The magistrate judge appointed CJA attorney Martha Hall to represent the corporation. It was expected that the defense fees and costs incurred by Ms. Hall in the representation of the corporation would ultimately be recoverable from the assets and properties of the corporation. [Doc. No. 148.]

On September 28, 2018, Ms. Hall moved to withdraw from further representation of Foremost. [Doc. No. 224.] The assets of the corporation have been seized by the Government pending the resolution of this case, and Ms. Hall was informed that there were no funds available to compensate her. A financial affidavit filed by Foremost reflects this. [Doc. No. 149.] The Government has not contested Foremost's representation it is without assets. It was not contemplated by the magistrate judge's order appointing Ms. Hall, that she would be working in a *pro bono* capacity for this corporate defendant. This Court relieved Ms. Hall from further representation and ordered she be compensated for the work she had provided out of the assets held by the Government. [Doc. No. 229, 240.]

At this time, Foremost is without representation. No appearance has been entered on behalf of the corporation since Ms. Hall was relieved.

Federal Rule of Criminal Procedure 43 provides that a criminal defendant must be present at every stage of trial. Fed. R. Crim. P. 43(a). A corporate defendant may only appear in federal courts through licensed counsel. *See Rowland v. California Men's Colony,* 506 U.S. 194, 201-02 (1983); Fed. R. Crim P. 43(b)(1).

While a corporation, like any other defendant, possesses a Sixth Amendment right to counsel, neither the Sixth Amendment nor the Criminal Justice Act provides that

counsel must be appointed, at public expense, to represent a corporation in criminal proceedings. *United States v. Unimex*, 991 F.2d 546, 549 (9th Cir. 1993). Thus, corporations have a right to counsel, but no right to counsel at taxpayers' expense, even if they cannot afford to retain their own counsel. *Id.*, at 550. Further in this case, the Government maintains that Foremost's remaining assets are subject to forfeiture and restitution claims and should not be diverted to pay for defendant's counsel. *See Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 624-33 (1989) (a criminal defendant has no constitutional right to use forfeitable property to pay for counsel.)

Due to the unique circumstances presented, the Court finds it is necessary, in the interests of justice, to request appointment of *pro bono* counsel for Foremost. *See United States v. Human Services Assocs., LLC*, 216 F. Supp. 3d 841, 850-851 (W.D. Mich. 2016) (analyzing district court's "inherent discretion" to appoint counsel to a corporate defendant charged with conspiracy, theft, and money laundering in criminal proceedings); *United States v. JB Tax Prof'l Serv's Inc.*, 2013 WL 6004047 at *5 (E.D. La., Nov. 13, 2013) (in the interests of justice, district court ordered appointment of volunteer *pro bono* counsel to represent corporate entity.)

Therefore, the Court in its discretion, pursuant to its inherent authority, refers this case to the District's Pro Bono Panel to locate volunteer counsel to represent Foremost in this litigation.


Dated: March 20, 2019

_____
Hon. Cathy Ann Bencivengo
United States District Judge